## K. C. ARCHER, et al., v. L. L. ARCHER, et al.

Court En Banc.    May 28, 1925.

No petition for Certiorari was filed.

1. **Judgment. A final decree can not be entered unless an issue is made.**
There must be an answer filed by the defendant or pro confesso taken to bring the case to an issue and authorize the entering of a final decree by the Chancellor.

2. **Appeal and error. Error of form and not of merit held not reversible error.**
In an action to have certain land sold under a deed of trust and bar the widow's dower, where the Chancellor's method of arriving at the decree was erroneous but the decree itself was justified, held such error is not reversible error.

3. **Executors and administrators. Debts are primarily payable out of the personal estate and land can not be subjected for the payment of debts until the former is exhausted.**
It is a general rule at common law and in equity that debts shall be primarily payable out of the personal estate and that the land shall only be subjected as auxiliary to the personalty. In this state both the personalty and the lands of an estate are assets for payment of debts, but the latter can not be subjected until the former is exhausted.

4. **Mortgages. Mortgage of the homestead is a waiver of the homestead right only as to that particular debt.**
A debtor's mortgage of his homestead for a particular debt operated as a waiver of his homestead right in the lands conveyed as to that debt only, but not as to his other debts.

5. **Executors and administrators. Mortgages. Widow signing a mortgage relinquishing her homestead right, is entitled in an equitable action to have other lands sold prior to the sale of the homestead.**
In an action brought for the purpose of winding up an estate where a creditor of the deceased became a party and requested that a deed of trust be foreclosed to pay its debt, and the deed of trust covered other land than the homestead and dower right of the widow, held that the court of equity should order that the other land be sold prior to the dower and homestead, and that the window's interest be sold only upon the failure of the other land to satisfy the debt.

6. **Mortgages. Mortgagee becoming a party to an equitable action and asking foreclosure of its deed of trust is subject to the orders of the court.**
Where a mortgagee having a deed of trust on deceased's property became a party to an equitable action to settle the estate and asked that it's mortgage be foreclosed, held that it must then foreclose its mortgage as ordered by the court, although if it had not become a party to the equitable suit it could have foreclosed its deed of trust as it saw fit.

Appeal from Chancery Court, Blount County; Hon. T. C. Drinnon, Special Chancellor.

Modified, affirmed and remanded.

McTeer, Kramer & Quinn, of Maryville, for appellants.

Crawford & Goddard, Brown & Johnson, Thos. L. Nuckols, Cates, Dunn & Jackson and L. L. Archer, of Maryville, for defendants.

SNODGRASS, J.  This is an omnibus bill, filed by certain of the heirs at law of A. R. Archer, deceased, against the widow, Minerva C. Archer and L. L. Archer, the only other heir at law of the said deceased, who had been appointed administrator of said deceased, Thomas L. Nuchols and Maryville College, a corporation.  The bill was filed or sought relief against defendant L. L. Archer both as administrator and as an individual.

It sought to transfer the administration of the estate from the County to the Chancery Court, under an allegation that because of the mismanagement of the administration it had become insolvent, the assets also being much over $1000.

It sought also to have the management taken out of the hands of the administrator and placed in the hands of the receiver and the estate administered by the court.  It alleged a prior mortgage or deed of trust on the real property belonging to the estate in favor of the defendant Maryville College.

It alleges that the widow, defendant Minerva C. Archer, was entitled to homestead and dower out of the land, and that she was proceeding to have the same laid off in the County Court.  It alleges that complainants and defendant L. L. Archer (the administrator) were owners of the land as tenants in common; that more than enough of the personal assets had come into the hands of the administrator to pay off all the obligations of the estate, but that he had failed and refused to account for it; that he had even taken possession of and sold the exempt property belonging to the widow; and asked that an account be taken and stated.  It sought personal relief against L. L. Archer by reason of a certain promissory note for $2500 upon which the widow and heirs had become involved, which had gone for the benefit of the said L. L. Archer, and an attachment and injunction asking that his interest in the real estate which was sought to be sold be held liable for this note, and also seeking to follow its proceeds as an alleged trust fund.  It asked for an in-

junction against the said L. L. Archer, both against his further operations as administrator and the transfer of his private property, and seeking a sale of the property of the estate subject to the widow's homestead and dower.

Defendant Nuckols was made party under the allegation that defendant L. L. Archer had given him a mortgage on his individual interest in the land belonging to his father's estate to secure a note for $2800; a proper party, though not perhaps a necessary one in the adjustment of the private obligations of L. L. Archer.

In the prayer of the bill it was asked that the real estate of said A. R. Archer be sold; that the part on which there is no homestead and dower be sold separate and apart from that which is subject to homestead and dower, and that on which homestead and dower has been laid off be sold subject to the homestead and dower rights of Mrs. Minerva C. Archer.

An injunction was issued and served on defendant L. L. Archer in accordance with the prayer of the bill.

The answer of L. L. Archer was filed Nov. 22, 1922, in which he admits practically everything charged except any mismanagement or improper conduct alleged, or any fraud upon his part. He does not admit that his co-defendant, the widow, is proceeding to have homestead and dower assigned, but suppose it is true. He denies that funds sufficient to pay all the debts have come into his hands, but says that he has paid out on debts all that came into his hands. He admits the insolvency of the personal estate. He says that it would be best to sell the real estate as it cannot be advantageously partitioned, but claims that it would be best to sell the tract as a whole, subject to the widow's homestead and dower rights.

The answer of Thos. L. Nuckols was filed June 14, 1923. It is not material to be further considered.

The answer of Maryville College was filed on Oct. 3, 1923. This answer is short, and is copied in words as follows:

"The separate answer of the Directors of Maryville College to the bill filed against them and others in the above styled cause:

"This defendant for answer says:

"That it is true that the estate of A. R. Archer deceased is justly indebted to the Directors of Maryville College in the sum of $3,000 together with interest thereon, and attorney's fees, as is evidenced by a certain coupon note, payable to the Directors of Maryville College, and by a certain deed of trust executed by A. R. Archer and wife to F. L. Proffitt Trustee on the real estate of A. R. Archer, deceased, situated in the 12th Civil District of Blount County, Tennessee.

"Said note will be due and payable on Oct. 15, 1922. Said note and deed of trust will be filed in this cause on or before the hearing if required.

"For further answer this defendant states that said indebtedness is prior to all other claims against said estate and is entitled to be paid before any other claims are paid out of said estate.

"As to the other matters mentioned in complainants' bill this defendant is not familiar with, and does not consider necessary to answer; and therefore neither admits nor denies but demands strict proof thereto in so far as the same may be material to this defendant.

"Now having fully answered as fully as this defendant is advised it is material or necessary it asks to be dismissed, etc."

The case stood in this condition until May 8, 1923, when the land was ordered sold upon a recitation in the decree that it is necessary that the real estate of A. R. Archer be sold in order to wind up the estate and pay the various items of indebtedness against said estate and the indebtedness against the interests of the various heirs in said estate.

It was ordered sold first in three separate tracts, the dower and homestead tract as hereinafter described to be sold together, subject to the dower and homestead rights of the widow, Mrs. Minerva C. Archer—the remainder of said tracts south of the railroad to be sold as a separate tract, and that north of the railroad as a separate tract; then the entire farm as a whole to be offered, subject to the homestead and dower rights, the best price to be accepted.

This decree, found on pages 62 to 65 inclusive of the record, set out by specific boundaries the eight acres which had been by the County Court set apart as the widow's homestead, and by specific boundaries the 48-70/100 acres set apart by said court as her dower, and then described the remainder by specific boundaries. The decree reserved all other matters.

On the next day by another decree this decree ordering sale was annulled, and the Master, under a recitation that it was entered without the knowledge and consent of Maryville College, and reciting that the annulling of the decree was done by the consent of all parties, was directed not to proceed with the sale.

With the exception that the county court proceedings setting aside the dower and homestead and the coupon note and trust deed of the Maryville College had been filed in the record, no other proof seems to have been taken, and the case stood in this condition until Sept. 25, 1923, when the petition of Maryville College was filed in the case. It set out the fact of the debt and deed of trust to secure same. It substantially alleged that after allowing credits there remained due on said note the balance, with certain interest and at-

torney's fee, and averred that it was a prior claim against the estate of A. R. Archer, deceased and the homestead and dower rights of his wife, the said M. C. Archer, and was entitled to be paid prior to all other claims. That petitioner was informed and avers that complainants have made an effort and are endeavoring to have said lands sold in separate tracts and without reference to the rights and interests of petitioner therein, which rights and interests are prior to all other claims and interest in said entire tract.

It insists that any sale of the land other than the whole tract or selling the same subject to petitioner's rights would be inequitable and work an irreparable loss to petitioner. Petitioner relies upon its rights under the deed of trust and does not consent to any sale or disposition of the lands other than under the terms and provisions of the deed of trust.

The prayer is that petitioner be allowed to file this petition and have its rights protected; that the indebtedness, principal, interest and attorneys fees be declared a first and prior lien against the assets of the said estate and be paid before any other claims are paid; that the land covered by the deed of trust be sold as a whole, and if not so sold, that it be sold subject to said deed of trust, and for general relief.

In this state of the record on the 3rd day of Sept., 1924, this branch of the case was heard as to the right of Maryville College to foreclose its prior lien and apply the proceeds to the satisfaction of its debt, the decree reciting:

"That this cause came on to be heard on this 3rd day of September, 1924, before the Hon. T. C. Drennon, Special Chancellor, having been duly elected by the bar at Maryville, Tenn., to hold the Chancery Court in causes in which the Honorable M. H. Gamble, Chancellor is disqualified to sit, upon the original bill of complainants, the answer of the directors of Maryville College, the answer of Thos. L. Nuckols, the answer of L. L. Archer, but more especially upon the petition of Maryville College filed in this cause, the trust deed executed on Oct. 5, 1917 by A. R. Archer and wife, M. C. Archer to F. L. Proffitt, Trustee, and the deed of trust executed by L. L. Archer and wife, Lillie Archer to Sam Johnson, Trustee, on July 20, 1921, and the proceedings of the County Court setting aside homestead and dower to M. C. Archer in the premises sought to be sold in this cause, from all of which the court is of opinion and doth decree that the directors of Maryville College are entitled to have the deed of trust dated Oct. 5, 1917 and executed by A. R. Archer and M. C. Archer to F. L. Proffitt, Trustee foreclosed for the purpose of paying the remainder of the indebtedness due for which said deed of trust was given.

"The Court further finds and decrees that the directors of Mary-ville College are entitled to sell said tract of land according to the terms of said deed of trust, and to sell same in bar of the equity of redemption and free from the homestead and dower rights of the said M. C. Archer.

"It is therefore ordered, adjudged and decreed by the Court that the Clerk & Master of this court proceed to advertise the tract of land hereinafter described according to law and sell the same at the court house door in Maryville, Tenn., in bar of the equity of redemption. Said tract of land is described as follows:

The decree then sets out a complete description of the tract ordered sold, and then proceeds.

"The solicitors representing the directors of Maryville College were willing that the tract of land be sold on the following terms: One third cash, and the remainder in six, twelve and eighteen months. It is therefore accordingly ordered, adjudged and decreed by the Court that said sale be made upon the terms of one third cash and the remainder to be evidenced by three notes due in six, twelve and eighteen months after date. The Clerk & Master will take good personal security for the payment of said notes, and will retain a lien on the land as further security.

"The deed of trust which petitioner seeks to foreclose in this case having waived and surrendered homestead and dower rights and right of equity of redemption, said sale will be made in bar of all right and equity of redemption, and when made and confirmed by the Court no right of redemption or repurchase shall exist in any of the parties to this suit, or in any other creditor, but the title of the purchaser shall be absolute."

M. C. Archer, the widow, excepted to the decree and has appealed to this Court, assigning the following as errors:

"FIRST: The learned Chancellor erred in finding and decreeing that the directors of Maryville College are entitled to sell the tract of land free from the homestead and dower rights of the widow, Minerva C. Archer.

"SECOND: The learned Chancellor erred in failing to decree that the remaining land of A. R. Archer covered by said deed of trust is primarily liable for the payment of this indebtedness and that the homestead and dower estates of the widow are liable for the same only in case the remaining lands fail to bring an amount sufficient to cover said indebtedness.

"THIRD: The learned Chancellor erred when setting out the directions for the sale of this property; in failing to direct that the land aside from the homestead and dower interest of the widow should first be offered for sale, and that the dower and homestead interests should be offered only in the event that

the other failed to bring an amount sufficient to cover the college indebtedness.''

It thus appears from this state of the record that the Chancellor had taken jurisdiction of this case to transfer the administration of the estate from the County to the Chancery Court to wind up the estate and distribute the proceeds, and also to settle certain incidental matters between certain individuals, not, however, interfering with the proper appropriation of the assets in the order of their priority, but to subject and hold liable whatever interest might remain to L. D. Archer, the administrator, and to follow certain funds even into other property in no way connected with the estate, the determination of which was not necessarily involved in the winding up of the estate. The bill conceded homestead and dower rights of the widow and averred she was proceeding to have such rights set up in the County Court, and asked to have the property sold subject to such rights, and after certified copy of the record from the County Court assigning such rights had been filed, and upon the suggestion of the insolvency of the personal estate and an admission of such insolvency by the administrator in his answer.

If the cause had been at issue on the record this decree would have been authorized, though it would have complicated and injuriously affected the right of petitioner to have also the homestead and dower subjected to the payment of his particular claim, which was not the right of any other creditor so far as the record shows.

This decree was rescinded and afterwards the land sold under the decree complained of, subjecting without any effort to guard or protect her rights, but by apt, inevitable and specially directed phraseology to foreclose them, by offering the entire tract as a whole. The widow had filed no answer to the original bill, and no pro confesso had been taken against her to put the case at issue as to her. The answer of the Maryville College was filed in effect adopting only the friendly agency of the bill to collect its debt, averring, however, its priority right to payment out of the assets of the estate. In effect it admits the death of Archer, the maker of the deed, and claims priority of payment out of the assets of his estate, a copy of the trust deed being filed as evidence of its claim of such priority, which had been signed by the widow. It disclaimed knowledge as to any other matters alleged in the bill and demanded proof of same. The petition was filed by the said respondent, Maryville College, in an effort to spur the lagging progress of the cause, but it was against no one, no process was asked or served, no order of the court was made requiring anyone to answer or make an issue thereon upon the record. It does contain such allegations as if it had been filed against anyone, under its prayer for general relief, it might have been taken as a cross-bill and the parties whose interest it affected might

have been required to make answer thereto, either by process or an order of court, and thus an issue might have been formed. This was not done, and therefore it could only have been treated as a motion or an answer further amplifying the claim of the priority of the petitioner. If it be treated, or together with the original bill can be treated as a pleading antagonizing the widow's right of homestead and dower, it was the first affirmative move to do so and to foreclose such rights, and this was the first issue tendered her that in any way affected her injuriously, and although it had been and was alleged that she had signed the deed of trust, thus mortgaging her homestead and dower interest in the land, she was a necessary party to its foreclosure. She had been made party to the original bill, and if the petition can be treated as an original or amended application to sell her homestead, she was still a necessary party and process, answer or a pro confesso was necessary to get the case at issue as to her, a preliminary to final decree. This was not done. The Chancellor was therefore in error in passing final decree without answer or in some way putting the case at issue. However, this was as to matter of form and not as to merits, and is not reversible error. Shannon's Code, Sec. 6351. Sewell v. Tuthill & Pattison, 112 Tenn., 283.

However, the proceedings were to have her homestead and dower set apart and the lands sold subject thereto, until the petition in question was interposed and her rights foreclosed in a summary way. While it appears from the record she could not have resisted said foreclosure, there was nothing in the way of authorized procedure to prevent the sale of the land in such a way as to afford a chance at least of saving some part of it by having that part of the land first offered for sale with which the homestead was not involved.

As cited in appellant's brief—

"It is a general rule at common law and in equity that debts shall be primarily payable out of the personal estate, and that the land shall only be subjected as auxiliary to the personalty. In this state both the personalty and the lands of an estate are assets for payment of debts, but the latter cannot be subjected until the former is exhausted." O'Conner, Adm'x, v. O'Conner, 88 Tenn., 76. And as further cited, that—

"A debtor's mortgage of his homestead for a particular debt operates as a waiver of his homestead right in the lands conveyed as to that debt only, but not as to his other debts." Hall v. Fulgham, 86 Tenn. 451.

In this case there had been no published notice of the insolvency proceeding and such action perhaps as to enjoin the prosecution of other suits generally, but petitioner had recognized the proceedings

as such and had come in by answer and submitted the adjudication of his claim to the sovereign processes of the Court, even though he claimed a priority over everything. An issue had been made that upon proper accounting of the administrator there should be enough from the personal estate to settle the debts, which, if true, and that question remained to be determined, the widow would have had the right to have the same applied to the satisfaction of the petitioner's demand, or pro rata as to what was realized, and by reason of its mortgage the petitioner alone of all the creditors could subject the homestead for any balance that might be due it.

"The mortgage of a homestead operates as a waiver to the homestead exemption in favor of the mortgagee and of those claiming under him, but the waiver does not inure to the benefit of other persons." 13 R. C. L., 656.

If any personal property had been found available upon the reference its pro rata applicability to the debts would have further protected the homestead rights, and this fact only illustrates the prematurity of the decree, in determining the amount due this one creditor and subjecting the entire tract to the payment of his debt. While as stated he did have the right to subject the entire tract, if necessary, to the payment of his debt, when ascertained and determined, the right of the widow to have determined and applied personal assets available for a reduction of his claim before such sale was had was equally regnant.

But it is insisted by appellee that the widow has no status in this Court; that she did not answer the bill or petition, and therefore had not placed herself in position to take exception to the decree or appeal.

To this it may be replied that her rights to do so were not foreclosed by any pro confesso or other disqualifying situation. She was not required to file any pleading asking that the homestead be set apart to her. It may be applied for in the same way as dower. Shannon's Code, Sec. 3808.

Dower may be applied for verbally or in writing. Shannon's Code, Sec. 4154.

"Any party who is interested or affected by the decree may appeal therefrom." . . . Shannon's Code, Sec. 4131.

It is insisted by the appellant that this court cannot nullify and set at naught a contract executed by the parties and decree that the deed of trust like the one in the present case shall not be foreclosed according to its terms, but according to the desires and wishes and pleasure of the mortgagor.

It is true that under the terms of the deed of trust, and without having been enjoined by proper publication and notice, the trustee under the power conferred might have himself sold the entire tract,

homestead and all, but in a proceeding to wind up an insolvent estate, where all parties by answer or otherwise have submitted themselves to the jurisdiction of the court, he occupies a different status. While the court could not and would not deny the right of the petitioner to subject the entire property covered by the mortgage, there are other rights intervening which, without such denial, if they too can be secured by the adoption of a certain method of procedure, it is the duty of the court to so proceed.

From the whole it results that the Chancellor, as claimed in the first assignment, did not err in decreeing that the directors of Maryville College are entitled to sell the tract of land free from the homestead and dower rights of the widow, Minerva C. Archer.

But he was in error, as claimed in the second and third assignments, to the extent that in directing a sale of the land he did not provide that that portion of the land described in the trust deed that was unaffected by the assignment of homestead and dower as shown by county court proceedings be offered first, and that in the event it did not bring enough to satisfy the mortgage debt of petitioner, including attorneys fees, together with all costs incident to its foreclosure, then the entire tract so unincumbered, together with the remainder interest in the tract in which dower has been assigned be offered subject to such dower, and if this does not so satisfy the claim under the deed of trust, then the tract so unincumbered be offered together with the remainder interest in both the tracts covered by homestead and dower, and if these moities together will not bring enough to so satisfy the claim as aforesaid under the deed of trust then the tract should be offered as a whole, without regard to such homestead or dower, and to this extent the decree will be modified and affirmed.

The case will be remanded to the Chancery Court for a sale of the land under the terms herein provided, and Maryville College will pay the costs of this court.

All concur except Clark, J., absent.